**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Guadalupe RAMIREZ–FRANCO,**
**Defendant—Appellant.**

**No. 04–50036.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 26, 2005.

Robert McGahan, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Jose Guadalupe Ramirez–Franco appeals his 77–month sentence imposed following his guilty plea for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss in part, affirm in part, and vacate and remand in part.

Ramirez–Franco contends that the district court erred in denying his motions for downward departures because the court erroneously believed that he was not entitled to the departures as a matter of law. Because there is no indication that the court believed the grounds were not viable grounds for departure, we dismiss this contention. *See United States v. Berger,* 103 F.3d 67, 69–70 (9th Cir.1996).

Next, Ramirez–Franco contends that the district court erred in imposing certain special conditions on his supervised release because the need for such conditions is not supported by the record. Because Ramirez–Franco did not object below, we review for plain error. *See United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001). We reject Ramirez–Franco's challenge to the condition that he abstain from abusing prescription medications during his period of supervised release, and affirm this condition. However, as to his remaining challenges to his conditions, we conclude that the district court plainly erred because they are not reasonably related to the instant offense, Ramirez–Franco's criminal history, protecting the public, or preventing recidivism. *See* 18 U.S.C. § 3583(d);

*United States v. T.M.,* 330 F.3d 1235, 1240 (9th Cir.2003).

We vacate and remand to the district court with directions to delete the following conditions of supervised release: Condition Two, insofar as it instructs that defendant "shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing" and that defendant "shall abstain from using alcohol"; and Condition Five, in its entirety. *See* January 14, 2004, district court order.

Last, Ramirez–Franco contends that the district court improperly gave probation the authority to determine payments for his substance abuse and psychological treatment. Because we vacate Condition Five, we need not address the issue of payment for these services.

**DISMISSED in part, AFFIRMED in part, VACATED and REMANDED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.